**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0264-WJM-KLM

BRIAN S. NOEL,

      Plaintiff,

v.

SHERATON DENVER DOWNTOWN HOTEL,
STARWOOD HOTELS & RESORTS,
TONY DUNN, and
GARIN BETHAL,

      Defendants.

---

## ORDER OF REMAND

---

Before the Court is the Notice of Removal filed by Defendants Starwood Hotels

and Resorts Worldwide, Inc. ("Starwood"), Tony Dunn ("Dunn"), and Garin Bethel

("Bethel") (collectively "Defendants").  (ECF No. 1.)  Because, as set forth below, the

Court finds that there is not complete diversity, the Court remands this action to the

District Court of Denver County, Colorado.

Jurisdictional issues must be addressed at the beginning of every case and, if

jurisdiction is found to be lacking, the case or claim comes to an immediate end.  *In re

Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004).  "The party invoking

federal jurisdiction bears the burden of establishing such jurisdiction as a threshold

matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

When a case is originally filed in state court, there is a "strong presumption" against

removal and all ambiguities must be resolved against removal.  *Martin v. Franklin*

*Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Defendants removed the above-captioned action to this Court solely on the basis of diversity jurisdiction.  (ECF No. 1.)  Defendants acknowledge that Plaintiff is a citizen of Colorado and, though they do not explicitly state that Dunn and Bethel are also Colorado citizens, the Notice of Removal implies as much.  (*Id*. at 2–4.)  Thus, on the face of the Complaint, there is not complete diversity between the parties.  Defendants allege, however, that Plaintiff fraudulently joined Dunn and Bethel solely to defeat diversity and, therefore, the Court should disregard their citizenship in considering jurisdiction.  (*Id*. at 4.)

Fraudulent joinder is a narrow exception to the requirement of complete diversity between the parties.  *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).  The party asserting fraudulent joinder faces a "heavy burden" and "'must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court.'"  *Montano v. Allstate Indem.*, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)) (brackets omitted); *see also Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (same).

Defendants contend that there is no possibility that Plaintiff will be able to establish a cause of action against Dunn and Bethel in this case.  (ECF No. 1 at 5.)  Plaintiff brings the following claims against Dunn and Bethel: (1) intentional interference with Plaintiff's contract of employment; (2) civil conspiracy; and (3) extreme and outrageous conduct causing emotional distress.  (Compl. (ECF No. 4) ¶¶ 75–92.)  As to

2

the first of these claims, Defendants argue that Plaintiff cannot state a claim for interference with his employment contract because no contract can be shown to exist, because Dunn and Bethel's alleged interference occurred in the scope of their official duties, and because Plaintiff has not alleged that Dunn and Bethel were motivated solely by the desire to interfere with Plaintiff's employment contract. (ECF No. 1 at 5–13.) Because the civil conspiracy claim is derivative of the intentional interference claim, Defendants contend that it, too, must fail for the same reasons. (*Id.* at 14.) As to the outrageous conduct claim, Defendants argue that wrongful dismissal does not state a claim for outrageous conduct, nor does discharge as a result of a conspiracy. (*Id.* at 15–16.)

The Court disagrees with Defendants' contention that Plaintiff could not conceivably state a claim against Dunn and Bethel. Plaintiff has alleged that the employee handbook constituted an implied contract because, despite the conspicuous disclaimer of at-will employment, Starwood's conduct demonstrated a willingness to be contractually bound by the handbook. (Compl. ¶¶ 64–69.) Given these allegations, the Court cannot say as a matter of law that the provisions in the handbook, combined with Starwood's alleged conduct, constituted merely "vague assurances" that cannot form the basis of a contract. *See Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1464 (10th Cir. 1994). Plaintiff has also alleged conduct by Dunn and Bethel that was hostile, malicious, explicitly retaliatory, and was directed toward Plaintiff because of a "grudge." (Compl. ¶¶ 20–42, 51–52, 60–61.) These allegations can be construed to describe conduct that occurred outside Dunn's and Bethel's official duties, and was motivated solely by the desire to harm Plaintiff. *See Estate of Hill v. Allstate Ins. Co.*, 354 F.

3

Supp. 2d 1192, 1999 (D. Colo. 2004).  Furthermore, some of the alleged statements and conduct by Dunn and Bethel are sufficiently egregious that the Court cannot determine as a matter of law that they do not support a claim for outrageous conduct. *See Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665–66 (Colo. 1999).

Given the allegations in Plaintiff's Complaint, the Court cannot say that there is no possibility that Plaintiff would be able to state any claim against Dunn or Bethel. Thus, Defendants have failed to show that Dunn and Bethel were fraudulently joined as defendants.  *Montano*, 2000 WL 525592, at *1.  Consequently, there is not complete diversity between the parties, and this Court did not have original jurisdiction over this matter at the time it was filed.  *See* 28 U.S.C. § 1332(a).  Removal to this Court was therefore improper, *see id*. § 1441(a) (removal is proper where federal court had original jurisdiction over a case), and remand of this case is appropriate.  *See Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1114 (D. Colo. 2000).

For the reasons set forth above, the Court REMANDS this action to the District Court of Denver County, Colorado.  The Clerk of Court shall transmit the file.

Dated this 23rd day of April, 2015.

BY THE COURT:

William J. Martínez
United States District Judge

4